| | | |
|---|---|---|
| MICHAEL EAZELLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18 CV 469 |
| | ) | |
| SGT. JAMES POLING, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

This matter is before the court on defendants City of Crown Point and City of Crown Point Police Department's partial motion to dismiss. (DE # 9.) For the reasons identified below, defendants' motion is granted.

## I.  BACKGROUND

Plaintiff Michael Eazelle alleges that, on November 24, 2016, defendant James Poling, an officer of the City of Crown Point Police Department, struck him numerous times during the course of his arrest. (DE # 2.) Eazelle's complaint includes claims against Poling, and defendants City of Crown Point Police Department ("the Police Department") and City of Crown Point ("the City") for excessive force, battery, and intentional infliction of emotional distress. The City and the Police Department filed a motion to dismiss on the basis that: (1) the Police Department is not a suable entity; and (2) Count I of the complaint fails to allege a *Monell* claim against the City. Eazelle declined to file a response to defendants' motion. (*See* DE # 20.) This matter is now ripe for ruling.

## II.    LEGAL STANDARD

A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.    ANALYSIS

### A.    *City of Crown Point Police Department is Not a Suable Entity*

The City of Crown Point Police Department is not a suable entity under federal or state law. While local governmental entities may be subject to suit for constitutional violations pursuant to 42 U.S.C. § 1983, *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 690 (1978), "local government liability under § 1983 'is dependent on an analysis of state law.'" *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting *McMillian v. Monroe Cty.*, 520 U.S. 781, 786 (1997)). "[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Sow*, 636 F.3d at 300. "The 'department' of a city is merely a vehicle through which

government fulfills its policy functions and is not a governmental entity unto itself. . . . And a non-existent entity cannot be sued or brought into court by summons or otherwise." *City of Peru v. Lewis*, 950 N.E.2d 1, 4 (Ind. Ct. App. 2011). *See also Best v. City of Portland*, 554 F.3d 698, 698 (7th Cir. 2009) ("[A] police department is not a suable entity under § 1983."); *Ashcraft v. City of Crown Point, Ind.*, No. 2:13-CV-080 JD, 2013 WL 5934612, at *3 (N.D. Ind. Nov. 5, 2013) ("[A]lthough the City of Crown Police Department is a department of an entity that can be sued, it is not itself a suable entity and must be dismissed from this action.).

Accordingly, the City of Crown Point Police Department is not a suable entity and its motion to dismiss will be granted.

B.      *Eazelle Failed to State a* Monell *Claim Against the City of Crown Point*

A local government may not be sued under Section 1983 for an injury caused solely by its employees or agents. *Monell,* 436 U.S. at 694. Rather, "a plaintiff must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago,* 690 F.3d 829, 834 (7th Cir. 2012). Thus, in order to state a claim against the City, Eazelle must have alleged that the City had: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* at 834 (internal quotation marks and citation omitted).

Here, the complaint's only reference to the City is an allegation that it employed Poling. There is no allegation that could give rise to a reasonable conclusion that the City was the moving force behind the alleged constitutional violation. Eazelle has failed to allege a plausible Section 1983 claim against the City. Thus, Eazelle's claim against the City for excessive force will be dismissed.

## IV. CONCLUSION

For these reasons, the court **GRANTS** defendants City of Crown Point and City of Crown Point Police Department's motion to dismiss. (DE # 9.) The City of Crown Point Police Department is dismissed as a party to this suit. Plaintiff's claim against the City of Crown Point in Count I for excessive force is also dismissed.

**SO ORDERED.**

Date: May 9, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT