**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| MICHAEL EAZELLE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:18-CV-469-JTM-JEM |
| | ) | |
| SGT. JAMES POLING, *et al.*, | ) | |
|     Defendants. | ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendants' [sic] Verified Motion to Dismiss [DE 33], filed by Defendant James Poling on November 18, 2019, and a Motion to Dismiss for Failure to Comply with the Court's Discovery Orders [DE 41], filed by Defendants William Forgey and Correctional Health Inc. ("CHI"). Each defendant seeks to dismiss the claims against it because Plaintiff has not produced discovery as ordered by the Court. Plaintiff did not respond to either motion within the time allotted to do so.

On January 30, 2020, District Court Judge James T. Moody entered an Order [DE 43] referring this matter to the undersigned Magistrate Judge for a report and recommendation on both motions pursuant to 28 U.S.C. § 636(b)(1)(B). On July 9, 2019, pursuant to the referral, the Court held a hearing on the motions and ordered the parties to file supplemental briefing. Defendants CHI and Forgey filed their supplement on July 15, 2020, Defendant Poling filed his on July 16, 2020, and Plaintiff filed his on July 17, 2020.

**I.     Background**

Defendants served requests for production and interrogatories on Plaintiff on March 28, 2019 (by Defendants CHI and Forgey) and July 1, 2019 (by Defendant Poling). Plaintiff did not timely

respond to the requests, did not comply with informal extensions subsequently agreed with the Defendants, and responded intermittently to their counsels' follow-up inquiries. Defendants filed motions to compel, to which Plaintiff did not respond. The Court granted the motions to compel and ordered Plaintiff to respond to Defendant Poling's requests by November 15, 2019, and CHI and Forgey's requests by December 4, 2019. *See* October 23, 2019 Order [DE 25] (Poling); November 20, 2019 Order [DE 34] (CHI, Forgey).

After the Court's deadlines passed, Defendants filed the instant motions to dismiss, arguing that Plaintiff has not complied with the Court's orders. Since the motions to dismiss were filed, Plaintiff has updated his discovery responses sporadically, in December 2019 and March and April 2020. Defendants state that Plaintiff's responses to interrogatories remain deficient, and he has not produced responses to any requests for production.

**II.    Analysis**

If a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including dismissal of the action or prohibiting the disobedient party from introducing those matters into evidence. Fed. R. Civ. P. 37(b)(2)(A); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Discovery sanctions should be "proportionate to the circumstances" of the failure to comply. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996). In determining the appropriate sanction, the Court should consider the prejudice to the other party, whether the proposed sanction would cure any asserted prejudice, and the likelihood of disruption to the trial. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011). Dismissal can be appropriate when a plaintiff fails to comply with a discovery order and that

2

failure results from willfulness, bad faith, or fault. *Farrar v. City of Chicago*, 61 F. App'x 967, 969 (7th Cir. 2003) (citations omitted). Dismissal of a claim with prejudice should be considered "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003).

Although the instant motions address discovery responses to different defendants, the arguments presented in each motion are similar. The Court first considers the parties' arguments with regard to interrogatories, which Defendants argue remain incomplete, and then considers the requests for production, to which Plaintiff has not responded at all.

A.  Responses to Interrogatories

It is undisputed that Plaintiff did not respond to Defendants' interrogatories within the time prescribed by the Federal Rules of Civil Procedure, and did not comply with the extended deadlines the Court set in its orders granting the motions to compel. Plaintiff argues that although his answers were late, he did not believe that they were deficient, and that he answered "based upon information that he remembered . . . in his possession, custody and control." Counsel for Plaintiff states that he has had "difficulty maintaining contact with Plaintiff; however, in the recent past, Plaintiff's Counsel has had constant contact with Plaintiff."

The Court is sympathetic to the apparent difficulties in communication between counsel and Plaintiff. But it is now too late to argue that he should be excused from the Court's discovery orders; he failed to raise those issues in objection to the discovery requests, and failed to respond to the motions to compel and motions to dismiss. Moreover, in reviewing the supplemental briefing and exhibits, it is apparent that Plaintiff's problems go beyond communication issues with counsel.

3

Plaintiff argues that he did not know his responses to Defendants were non-compliant, stating that he provided the information he knew at the time. But with regard to Defendants CHI and Forgey, Plaintiff explicitly agreed to give more information and then failed to do so, without explanation. For example, on March 28, 2019, Forgey asked Plaintiff to identify the crimes involving dishonesty or false statements Plaintiff had been convicted of, including the dates of conviction and the time and location of incarceration ("Forgey Interrogatory #2"). On July 30, 2019, Plaintiff produced the following response: "Burglary, Lake County Indiana; Theft, Will County, Illinois; Burglary, Will County, Illinois." Ex. C to Motion to Compel at 1 [DE 26-3]. On September 6, 2019, during a discovery conference, Plaintiff's counsel agreed to supplement his response to Forgey Interrogatory #2, along with three other interrogatories and six sub-interrogatories. *See* Motion to Compel at 2 [DE 26]; Ex. D to Motion to Compel [DE 26-4]. In granting the motion to compel, the Court ordered that Plaintiff produce those "agreed supplemental responses." November 20, 2019 Order at 2 [DE 34]. There was no confusion that more information was needed. Some of that information – such as conviction data – may have been obtainable by counsel even with limited contact from Plaintiff.

Even when Plaintiff had the information, he failed to timely supplement his responses. When Poling asked Plaintiff about his convictions, Plaintiff initially responded with a similar answer of "Burglary, Lake County, IN; Theft, Will County, IL; Burglary, Will County, IL." [DE 52] at 3. On March 16, 2020, Plaintiff sent supplemental answers to all Defendants. The response to CHI and Forgey included dates and periods of incarceration; the response to Poling merely repeated the previous response, with no dates. *See* [DE 50] at 19, [DE 52] at 10. Similarly, each defendant asked for specific information and dates regarding Plaintiff's prior medical treatment: on March 16, 2020,

4

CHI and Forgey received names of health care facilities and at least some dates and types of treatment received, *see* [DE 50] at 20-21, while Poling received only the names of the facilities, *see* [DE 52] at 10.

One factor mitigating against dismissal is that the most recent responses to CHI and Forgey, although produced eleven months after they were due and five months after the Court's order compelling responses, appear to be substantially compliant. CHI and Forgey argue that the responses are "incomplete and evasive," and allege numerous flaws. The Court declines to make findings on an interrogatory-by-interrogatory basis, but finds that, with some exceptions[1], the responses suggest a genuine attempt to provide answers to Forgey and CHI's questions. However, the most recent responses to Poling remain deficient. *Compare* [DE 50] at 18-40 (Plaintiff's most recent responses to Forgey and CHI) and [DE 52] at 8-13 (Plaintiff's most recent answers to Poling).

B.    Responses to Requests for Production

No party disputes that Plaintiff has failed to provide responses to requests for production by Defendants CHI and Forgey. Plaintiff's explanation for this is unavailing. In response to Defendant Poling, he argues that he "believed that said responses and [medical release] authorizations were sent; however, when reviewing the file, there Counsel was unable to find any indication that said responses were sent." The explanation seems unlikely, given that Plaintiff did not send responses to CHI, either. In his supplemental response to CHI, Plaintiff fails to acknowledge the missing responses or give any explanation. Although Plaintiff states he is "working on gathering said documents to turn over to Defendant Poling," there is little to suggest that Plaintiff has made

---

[1] For example, Plaintiff has yet to supplement his initial response to Forgey's Interrogatory 3(a) (responding, in full, "Discovery is ongoing.") In addition, his responses to Forgey's interrogatories 3(l) and 3(m) have not been signed by Plaintiff himself. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them.").

5

appropriate efforts to comply with the Court's discovery orders, or that the documents themselves will be forthcoming in the near future.

        C.      <u>Defendants' Requests for Dismissal</u>

Plaintiff and his counsel, even accounting for their communication issues, have been inattentive to the litigation: failing to address discovery requests and follow-up communications from counsel, failing to respond to motions to compel and motions to dismiss, and giving dubious explanations for not producing discovery. However, the Seventh Circuit Court of Appeals has held that "the harsh sanction of dismissal [should] be employed only as a last resort." *Rice*, 333 F.3d at 785-86; *see also Banco Del Atlantico, S.A. v. Woods Indus. Inc.*, 519 F.3d 350, 354 (7th Cir. 2008) (holding that dismissal "can only be employed in rare cases"). Plaintiff's most recent interrogatory responses to Defendants CHI and Forgey, along with his representation that counsel now has "constant contact" with Plaintiff, indicate that Plaintiff is capable of producing enough information in discovery to permit this case to continue. Additionally, the delays have not required any extensions of discovery deadlines, nor caused any disruption to the trial or dispositive motions, and the delay itself does not appear to prejudice Defendants in their defense.

Nonetheless, Plaintiff and his counsel are now on their last warning. Cases are dismissed on facts very similar to these. *See*, *e.g.*, *Watkins v. Nielsen*, 405 F. App'x 42, 43-45 (7th Cir. 2010) (upholding dismissal after lengthy delays in producing discovery where "[a] brief glance at Watkins's interrogatory responses is enough to confirm that they are deficient, and at oral argument plaintiff's counsel conceded that Watkins's delays in providing information had led to the incomplete answers"); *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857-58 (7th Cir. 1998) (upholding dismissal due to "Williams's attorneys' frequent disregard of discovery rules, protocol,

6

and the court's deadlines and schedules"). The Court explicitly warns Plaintiff that failure to comply with the conditions outlined below will likely result in dismissal and an award of Defendants' attorney's fees arising from the failure to comply.

First, Plaintiff must supplement his interrogatory responses to Defendant Poling by August 7, 2020. He must then confer with all defendants, address any remaining concerns with his interrogatory responses, and then produce additional responses based on those discussions, by September 15, 2020. The Court strongly encourages the parties to resolve any remaining disputes informally, but will entertain further discovery motions related to these interrogatories if appropriate. Plaintiff must also produce the medical releases sought by Defendant Poling by September 15, 2020. If any of these conditions is not met, Defendants may seek dismissal again.

With regard to Defendants' requests for production, as described above, Plaintiff has not responded to the requests, explain why he has failed to respond, or given any credible sign that the documents are forthcoming. Accordingly, Plaintiff remains in violation of the Court's October 23, 2019 and November 20, 2019 orders compelling him to respond to the requests for production. He will not be permitted to use those documents as evidence at trial or on summary judgment. Noting that no defendant requested any specific sanction other than dismissal, the Court declines to impose any further sanction at this time.

**III.   Conclusion**

With regard to the outstanding discovery, which is not subject to the order of referral, the Court hereby **ORDERS**:

(1) Plaintiff must provide supplemental interrogatory responses to Defendant Poling by **August 7, 2020**;

7

(2) Plaintiff must confer with Defendants Poling, CHI, and Forgey regarding the remaining deficiencies in his interrogatory responses, and produce further responses, by **September 15, 2020**;

(3) Plaintiff must produce the authorizations to release medical records to Defendant Poling by **September 15, 2020**;

(4) The documents requested in Defendant Poling's request for production, [DE 24-1] at 10-12, and Defendant CHI's requests for production, [DE 26-1], **may not** be used to supply evidence at any motion, hearing, or trial in this matter, unless produced by another party in discovery;

(5) The Court **DENIES as moot** the pending motions [DE 51, 55] seeking leave to file supplemental briefing, as the Court permitted supplemental briefing at the July 9, 2019 hearing and considered the corresponding filings.

For the reasons described above, the Court hereby **RECOMMENDS** that the District Court **DENY without prejudice** Defendants' [sic] Verified Motion to Dismiss [DE 33], and Motion to Dismiss for Failure to Comply with the Court's Discovery Orders [DE 41].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served to file written objections to this Report and Recommendation with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc*., 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

SO ORDERED this 27th day of July, 2020.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record